NO. 07-02-0418-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 21, 2004

_____

NEDIEM MAHMOUD SAADEDDINE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 163RD DISTRICT COURT OF ORANGE COUNTY;

NO. B010142-R; HONORABLE DENNIS POWELL, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Nadiem Mahmoud Saadeddine appeals from a judgment adjudicating him guilty of aggravated sexual assault and sentencing him to 25 years incarceration. We affirm.

Pursuant to a plea bargain, appellant pled guilty to the charge of aggravated sexual assault. The trial court accepted the punishment recommendation, deferred adjudication of guilt and placed appellant on community supervision for ten years.

The State filed a motion to adjudicate. At the hearing on the State's motion, appellant pled "true" to five allegations of violating the terms of his community supervision. The trial court found that appellant violated the terms of his probation, revoked appellant's community supervision, and adjudicated him guilty. Following a subsequent punishment hearing, appellant was sentenced to incarceration for 25 years in the Institutional Division of the Texas Department of Criminal Justice.

Appointed counsel for appellant has filed a Motion to Withdraw and a Brief in Support thereof. In support of the Motion to Withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed and that, in the opinion of counsel, the record reflects no reversible error or grounds upon which a non-frivolous appeal can arguably be predicated. Counsel thus concludes that the appeal is frivolous. Counsel has discussed why, under the controlling authorities, there is no arguably reversible error in the trial court proceedings or judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

Counsel has attached exhibits showing that a copy of the Anders brief and Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised

appellant of his right to review the record and file a response to counsel's motion and brief. Appellant has not filed a response.

In deferred adjudication proceedings, appeal as to issues relating to the original deferred adjudication proceeding must be appealed when the deferred adjudication is first imposed.  See Vidaurri v. State, 49 S.W.3d 880, 884-86 (Tex.Crim.App. 2001); Daniels v. State, 30 S.W.3d 407, 408 (Tex.Crim.App. 2000).  Appellant did not do so.  Thus, his notice of appeal was not timely to invoke appellate jurisdiction to review the original proceeding.

As to those matters unrelated to his original deferred adjudication proceeding, we have made an independent examination of the record to determine whether there are any arguable grounds for appeal.  See Penson v. Ohio, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).  We have found no such grounds.  We agree that appeal of any such issues would be frivolous.

The appeal is dismissed for lack of jurisdiction as to any issues relating to appellant's original deferred adjudication proceeding.  The judgment of the trial court is affirmed as to any issues unrelated to the original deferred adjudication proceeding.  Appellate counsel's motion to withdraw is granted.


Phil Johnson
Chief Justice

Do not publish.

-3-